IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

AJAX HOLDINGS, LLC,                        *
                                           *
                Plaintiff,                 *
                                           *
vs.                                        *        No. 4:15CV00494 SWW
                                           *
COMET CLEANERS FRANCHISE                   *
GROUP, LLC,                                *
                                           *
                Defendant.                 *
                                           *

**OPINION and ORDER**

This an action for violations of the Arkansas Franchise Practices Act that plaintiff

brought in the Circuit Court of Pulaski County, Arkansas.  Defendant removed the action to this

Court.  Now before the Court is defendant's motion to dismiss and motion to transfer, and

plaintiff's  motion to remand.  For the reasons stated, the Court denies the motion to remand and

grants the motion to transfer.

I.

According to the complaint, Plaintiff Ajax Holdings, LLC ("Ajax") and Defendant

Comet Cleaners Franchise Group, LLC ("Comet Cleaners") entered into twelve license

agreements ("Agreements") for Ajax to operate a dry cleaning and laundry business under the

Comet Cleaners name and trademark.  Ajax says it entered into the Agreements with the

expressed understanding , based upon Comet Cleaners's representation, that it was obtaining

profitable stores and would be paid royalties from the revenue of each of the stores.[1]  Under the

terms of the Agreements, Ajax was to have sole responsibility for all employment decisions.

The operation and management of the stores, however, were to be handled by various pre-

---

[1]Compl. at ¶ 6.

determined managers and/or operators who were responsible for paying required fees and expenses, and for paying Ajax a portion of the revenues from each store.[2]

Ajax complains that shortly after taking over the stores, it began to have issues such as learning that one store had no lease in effect; revenue/profitability of a majority of the stores being far below that represented by Comet Cleaners; realizing the Agreements did not reflect how the stores were actually operated;  failure by Comet Cleaners to monitor and provide training; Comet Cleaners telling operators/managers not to pay Ajax royalties that Comet Cleaners had agreed to pay; and collusion with the manager of one of the only profitable stores to cut Ajax out of the business and turn the franchise over to the manager without notice to Ajax.[3]   Ajax alleges Comet Cleaners violated the Arkansas Franchise Practices Act ("AFPA") by its misrepresentations, fraudulent acts, and intentional omissions.[4]

Comet Cleaners moved to dismiss the complaint in state court for lack of jurisdiction, improper venue, and failure to state a claim, all based on the fact that Ajax did not attach a copy of the written agreements on which its claim is based, in violation of Ark.R.Civ.P. 10(d).  Comet Cleaners also filed a motion to transfer venue to the Northern District of Texas pursuant to a forum-selection clause in the Agreements.  Ajax filed a motion to remand to state court, arguing Comet Cleaners waived it right to remove by filing a motion to dismiss in state court.  The motions are ripe for determination.

II.

---

[2]*Id*. at ¶¶7 & 8.

[3]*Id*. at ¶ 9.

[4]*Id*. at ¶ 14.

A.  Motion to Remand

Comet Cleaners removed the action asserting that the Court has jurisdiction under 28

U.S.C. § 1332(a) because the action is between citizens of different states and the matter in

controversy exceeds $75,000.00.  Ajax contends that by filing a motion to dismiss in state court

and thus manifesting its intent to proceed in that court, Comet Cleaners waived its right to

remove.  Ajax also argues that because its claim is based entirely on state law, Arkansas has a

greater interest in adjudicating the case and policy is in favor of the case being resolved in state

court.

In *PR Group, LLC v. Windmill Int'l Ltd.*, 792 F.3d 1025, 1026 (8th Cir. 2015), the court

held that a defendant can waive its right to remove if it takes "some substantial offensive or

defensive action in the state court action indicating a willingness to litigate in that tribunal before

filing a notice of removal with the federal court." (Internal quotation and citation omitted.)  The

Eighth Circuit held that Windmill's motion to dismiss for failure to prosecute did not constitute

"clear and unequivocal" waiver of its right to remove.  "Windmill's motion to dismiss was based

on PR Group's two-year-plus failure to complete service on Windmill.  Because it neither

addressed the merits of PR Group's complaint nor sought an adjudication on the merits, the

motion did not clearly and unequivocally demonstrate any willingness on Windmill's part to

litigate in state court."  *See also Resolution Trust Corp. V. Sloan*, 775 F.Supp. 326, 335

(E.D.Ark. 1991)(quoting *Rothner v. City of Chicago*, 879 F.2d 1402, 1415 (7th Cir. 1998), which

held the right to remove "is not lost by action in the state court short of proceeding to an

adjudication on the merits").

Here, Comet Cleaners moved to dismiss based on Ajax's violation of a procedural rule, a

defect which could be fixed by filing an amended complaint with the agreements attached.  *See*

*Gemini Capital Group, LLC v. McFarland*, 2014 Ark. App. 83, at 6, 2014 WL 576431 at *3

(Ark. App. 2014).  Comet Cleaners filed a notice of removal the same day.  The Court finds

Comet Cleaners did not waive its right to remand.

    The Court further finds unpersuasive Ajax's argument that the case should be remanded

because the claim is based on state law.  The case was removed based on diversity of citizenship.

There is no reason that the case should be remanded so that Arkansas can decide the claim.  *See*

*Clark v. Matthews Int'l Corp.*, 639 F.3d 391, 397 (8th Cir. 2011)("Supreme Court has indicated

that, as a general rule, the novelty or complexity of a state-law issue is not an appropriate basis

upon which to remand a case when diversity-of-citizenship jurisdiction exists").

    B.  Motion to Transfer

    Pursuant to 28 U.S.C. § 1404(a),  for "the convenience of parties and witnesses, in the

interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought."  Whether to grant or deny a motion for change of venue is

within the discretion of the trial court.  *See Hubbard v. White*, 755 F.2d 692 (8th Cir.), *cert.*

*denied*, 474 U.S. 834 (1985).  Comet Cleaners moves to transfer this case to the district court in

Texas according to the forum-selection clause contained in the Agreements.  However, Ajax

asserts that the forum-selection clause does not apply to its claim, that the forum-selection clause

violates Arkansas public policy, and that the §1404 factors weigh against transfer.

    Assuming a contractually valid forum-selection clause, the Supreme Court said:

> In the typical case not involving a forum-selection clause, a district court
> considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate
> both the convenience of the parties and various public-interest considerations.
> Ordinarily, the district court would weigh the relevant factors and decide whether,
> on balance, a transfer would serve 'the convenience of parties and witnesses' and
> otherwise promote 'the interest of justice.' § 1404(a).  The 'enforcement of valid
> forum-selection clauses, bargained for by the parties, protects their legitimate

4

expectations and furthers vital interests of the justice system.' For that reason, and because the overarching consideration under § 1404(a) is whether a transfer would promote 'the interest of justice,' 'a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.' The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways.

First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. Because plaintiffs are ordinarily allowed to select whatever forum they consider most advantageous (consistent with jurisdictional and venue limitations), we have termed their selection the 'plaintiff's venue privilege.' But when a plaintiff agrees by contract to bring suit only in a specified forum—presumably in exchange for other binding promises by the defendant—the plaintiff has effectively exercised its 'venue privilege' before a dispute arises. Only that initial choice deserves deference, and the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed.

Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum. As we have explained in a different but 'instructive' context, '[w]hatever 'inconvenience' [the parties] would suffer by being forced to litigate in the contractual forum as [they] agreed to do was clearly foreseeable at the time of contracting.'

As a consequence, a district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases. Although it is 'conceivable in a particular case' that the district court 'would refuse to transfer a case notwithstanding the counterweight of a forum-selection clause,' such cases will not be common.

Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations.

*Atlantic Marine Const, Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, ___ U.S. ___, 134

S.Ct. 568, 581-82 (2013)(internal citations and quotations omitted).

Under the Agreements, Ajax contracted to bring all lawsuits against Comet Cleaners in state or federal courts in Tarrant County, Texas: "You and the Owners must file any suit against us, and we may file suit against you or the Owners, in the federal or state court where our principal office is located at the time suit is filed.  The parties waive all objections to personal jurisdiction and venue for the purpose of carrying out this provision."[5]  Ajax argues that its claim does not arise out of or relate to the Agreements because it is brought under the AFPA and alleges misrepresentations and omissions before the Agreements were executed.  Ajax asserts the forum-selection clause "was not intended to encompass all claims of any sort that may have arisen" between Ajax and Comet Cleaners.[6]

In *Terra Int'l v. Mississippi Chem. Corp.*, 119 F.3d 688, 694 (8th Cir. 1997), the plaintiff argued that the forum selection clause did not apply to its tort claim.  The Eighth Circuit held that "[c]ontract-related tort claims involving the same operative facts as a parallel claim for breach of contract should be heard by the forum selected by the contracting parties."  The clause under consideration in *Terra Int'l* applied to "[a]ny dispute or disputes arising between the parties hereunder."  *Terra Int'l*, 199 F3d at 690.  As Comet Cleaners points out, the clause here is broader than the forum-selection clause in *Terra Int'l*.

Ajax also argues that the forum-selection clause is against public policy because enforcement of the clause will displace the protection afforded to it by the enactment of the AFPA.  In response, Comet Cleaners argues that unlike the Procedural Fairness for Restaurant

---

[5]Def's. Mot. and Br. to Transfer Venue, Ex. A-1 (licensing agreement) at 29 (ECF No. 6 at 44).

[6]Pl's. Resp. to Mot. to Transfer at 3 (ECF No. 8).

Franchisees Act, Ark. Code Ann. §4-72-603(c), the AFPA does not preclude forum-selection clauses in non-restaurant franchise agreements. *Compare Applied Energy of Ar-La -Ms., Inc. v. Pall Corp*, 2014 U.S. Dist, LEXIS 170810, *4 (E.D.Ark. 2014)(enforcing forum-selection clause in non-restaurant franchise agreement) with *Rob & Bud's Pizza, LLC v. Papa Murphy's Int'l, Inc.*, 2015 U.S. LEXIS 82927, * 4-5 (8th Cir. 2015)(not enforcing forum-selection clause in restaurant franchise agreement because the express Arkansas public policy in the Procedural Fairness for Restaurant Franchisees Act applied to restaurant franchises).  The Court finds Ajax fails to establish that this is the unusual case where the forum-selection clause should not control.

Lastly, under *Atlantic Marine*, the § 1404(a) factors are inapplicable.  Even if they applied, the Court finds transfer would not be appropriate.  *See Terra Int'l*, 119 F.3d at 697 (courts enjoy "much discretion" when deciding whether to grant a motion to transfer).

## III.

IT IS THEREFORE ORDERED that plaintiff's motion to remand [ECF No. 9] is denied and defendant's motion to transfer [ECF No. 6] is granted.  The Court directs the Clerk to transfer this action immediately to the Northern District of Texas.

DATED this 9th day of October, 2015.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE